**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**THE FEINBERG FIRM, PC**

680 American Avenue – Suite 302
King of Prussia, Pennsylvania 19406

Plaintiff,

v.

**UNITED STATES OF AMERICA**

c/o United States Department of Justice
950 Pennsylvania Avenue, NW
Washingtonm, D.C. 20530-0001

Defendant.

DOCKET:

# COMPLAINT

Plaintiff, The Feinberg Firm PC ("Plaintiff"), brings this action against the United States for a refund of internal revenue taxes, as authorized by 26 U.S.C. § 3134, for qualified wages paid during the third quarter of 2021, totaling $16,625.00. The credit exceeding Plaintiff's applicable employment-tax liability is treated as an overpayment refundable under 26 U.S.C. §§ 6402(a) and 6413(b). Plaintiff is entitled to the Employee Retention Credit (ERC) described in this Complaint because Plaintiff meets the statute's significant-decline-in-gross-receipts test for the third quarter of 2021 under the alternative quarter election rule.

In support of this refund claim, Plaintiff alleges:

## I. NATURE OF ACTION

1. This is an action for recovery of employment taxes, including the refundable excess credit (together with statutory interest and any appropriate litigation and administrative costs), for the third quarter of 2021 (tax period ending September 30, 2021).

## II. PARTIES

2. Plaintiff is a Pennsylvania professional corporation that provides legal services. Plaintiff's principal place of business is in Montgomery County, Pennsylvania.

3. The Defendant is the United States of America.

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1346(a)(1) because Plaintiff seeks recovery of an overpayment arising under the internal-revenue laws of the United States, including the refundable employee retention credit authorized by 26 U.S.C. 3134.

5. Venue in this Court is proper under 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is within this District.

6. This complaint is timely under 28 U.S.C. § 2401 and I.R.C. §§ 6532 and 7422. The Internal Revenue Service ("IRS") issued a notice of claim disallowance (Letter 105C) on October 18, 2024, and this Complaint is filed within two years of that date.

## IV. LEGAL BACKGROUND

7. In March 2020, Congress passed the CARES Act, which created the employee retention credit (ERC). This credit is available to eligible employers for the last three quarters of 2020 and for the first three quarters of 2021.

8. Eligible employers are employers that carry on a trade or business or tax-exempt organizations that meet certain criteria. I.R.C. § 3134(c)(2)(A)(i) & (C).

***A. Refundability of the credit***

9. The amount of ERC is not limited to the amount of employment taxes the employer paid, and against which the credit is applied. Rather, if the amount of the credit exceeds the applicable employment taxes for the calendar quarter, "such excess shall be treated as an overpayment that shall be refunded under sections 6402(a) and 6413(b)." I.R.C. § 3134(b)(3).

***B. Significant Decline in Gross Receipts***

10. One way an employer can be an "eligible employer" and thus qualify for the ERC is by experiencing a significant decline in gross receipts. Generally, employers are eligible for the ERC based on a comparison of the employer's gross receipts for the quarter in which the credit is claimed to the same quarter in 2019.

11. For quarters in 2021, employers qualify for the ERC under the decline-in-gross-receipts test if their gross receipts for the quarter decreased by more than 20 percent compared to the corresponding quarter in 2019. I.R.C. § 3134(c)(2)(A).

12. For 2021, there is also an election rule that allows an employer to qualify for the ERC in any quarter based on a greater-than-20-percent reduction in gross receipts in the immediately preceding calendar quarter, as compared to the corresponding calendar quarter in 2019 (the "alternative quarter election"). I.R.C. § 3134(c)(2)(B).

***C. Qualified Wages and Amount of Credit***

13. To receive the ERC, an eligible employer must also pay "qualified wages." I.R.C. § 3134(c)(3).

14. For 2021, the ERC is equivalent to 70 percent of the qualified wages that an eligible employer pays in any quarter, subject to a cap of $10,000 in qualified wages per employee per quarter — i.e., a maximum credit of $7,000 per employee per quarter. I.R.C. § 3134(a), (b)(1).

## V. CAUSES OF ACTION

### *COUNT I: REFUND FOR REDUCTION IN GROSS RECEIPTS*

15. Plaintiff repeats, realleges, and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

16. Plaintiff is entitled to a tax refund for the ERC under I.R.C. § 3134 based on a reduction in its gross receipts, as set forth below.

### *A. Plaintiff is an eligible employer.*

17. Plaintiff is in the business of providing Legal services representing plaintiffs in personal injury claims. Thus, Plaintiff meets the initial eligible-employer requirements of I.R.C. § 3134(c)(2)(A)(i).

18. The aggregation rules in I.R.C. § 3134(d) are inapplicable because Plaintiff is not a member of a controlled group of corporations or trades or businesses under common control under IRC §§ 52(a) or (b), or a member of an affiliated service group under IRC § 414(m), or otherwise aggregated under IRC § 414(o).

19. Plaintiff averaged fewer than 500 employees in 2019. See I.R.C. § 3134(c)(3)(A). Thus, all wages Plaintiff paid to its employees during the quarter at issue may be qualified wages.

***B. Plaintiff meets the significant-decline-in-gross-receipts test for the third quarter of 2021 through the alternative quarter election.***

20. Plaintiff's gross receipts for the second quarter of 2021 were $60,469.81, compared to $90,277.00 for the second quarter of 2019 — a decline of approximately 33.02%.

21. Because Plaintiff's gross receipts for the second quarter of 2021 declined by more than 20 percent as compared to the second quarter of 2019, Plaintiff is entitled to elect, under I.R.C. § 3134(c)(2)(B), to treat the third quarter of 2021 as a quarter in which it experienced the required decline in gross receipts.

22. Plaintiff therefore satisfies the statutory significant-decline-in-gross-receipts test for the third quarter of 2021.

***C. Plaintiff paid qualified wages.***

23. Plaintiff paid a total of $23,750.00 in wages that can be taken into account in determining the credit for the third quarter of 2021, after application of the $10,000 per-employee, per-quarter cap under I.R.C. § 3134(b)(1).

24. None of the wages described above include amounts taken into account as payroll costs for Paycheck Protection Program (PPP) loan forgiveness, or wages taken into account for credits under I.R.C. §§ 41, 45A, 45P, 45S, 1396, 3131, or 3132, or under sections 7001 and 7003 of the Families First Coronavirus Response Act.

***D. Plaintiff filed a timely refund claim, and Defendant has failed to pay it.***

25. Plaintiff filed and paid employment taxes for the third quarter of 2021 and later claimed the ERC at issue here on IRS Form 941-X, executed by Donald Feinberg, President of

Plaintiff, on July 14, 2023, and received by the IRS on July 20, 2023. A true and correct copy of Plaintiff's Form 941-X is attached hereto as **Exhibit A**.

26. As reported on Plaintiff's Form 941-X, Plaintiff paid $23,750.00 in qualified wages for the third quarter of 2021, yielding a total employee retention credit of $16,625.00 (consisting of a $441.97 nonrefundable portion applied against Plaintiff's employer share of Medicare tax, and a $16,183.03 refundable portion). The amount of refund to which Plaintiff is entitled for the third quarter of 2021 is $16,625.00, plus statutory interest.

27. On October 18, 2024, the IRS issued Letter 105C disallowing Plaintiff's claim, asserting that Plaintiff was not an eligible employer because IRS records showed no qualifying governmental order in effect and no qualifying decline in gross receipts during the relevant period. A true and correct copy of the Letter 105C is attached hereto as **Exhibit B**.

28. On October 12, 2025, Plaintiff, through its authorized representative, submitted a formal written protest to the IRS Independent Office of Appeals — well within the two-year period prescribed by I.R.C. § 6532(a) for filing suit — setting out the calculation described in Paragraphs 20–22 above. A true and correct copy of Plaintiff's protest letter is attached hereto as **Exhibit C**.

29. On April 29, 2026, rather than responding to Plaintiff's protest on the merits, the IRS issued Letter 916C, stating that it could not process "the claim" because supporting documentation was "received too late," and identifying a claim amount ($77,172.00) that does not correspond to Plaintiff's actual claim amount ($16,625.00), but instead corresponds to Plaintiff's reported gross receipts for the third quarter of 2021. On information and belief, the IRS processed Plaintiff's timely protest as though it were a new claim rather than as a

response to Plaintiff's already-pending, timely-filed July 2023 claim. A true and correct copy of the Letter 916C is attached hereto as **Exhibit D**.

30. As established above, Plaintiff is legally entitled to the ERC refund described herein, yet Defendant has failed to pay it.

31. Plaintiff brings this suit to recover the ERC wrongfully withheld by Defendant.

32. Because Plaintiff has established entitlement to the ERC at issue here, the United States should be compelled to pay the ERC plus statutory interest to Plaintiff under I.R.C. § 7422.

33. Defendant must pay interest on the refund amount it owes Plaintiff, using the interest rate established under I.R.C. § 6621. See I.R.C. § 6611(a). This interest is owed "from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days." I.R.C. § 6611(b)(2).

***COUNT II: ATTORNEYS' FEES AND ADMINISTRATIVE COSTS***

34. Plaintiff repeats, realleges, and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

35. In addition to its refund and statutory interest, Plaintiff is also entitled to its reasonable administrative and litigation costs, including attorneys' fees.

36. Plaintiff also seeks reimbursement for all fees and costs submitted by hos accountant in the preparation of this Complaint.

37. Defendant must pay reasonable litigation and administrative costs to a prevailing party unless its position in the proceeding was "substantially justified." I.R.C. § 7430(a), (c)(4)(A)-(B).

38. Here, Defendant's position was not substantially justified. Plaintiff's entitlement to the ERC at issue turns on a straightforward application of the alternative quarter election rule in I.R.C. § 3134(c)(2)(B) to Plaintiff's own gross receipts figures. Defendant's continued refusal to pay the ERC — including its disposition of Plaintiff's timely protest as an untimely new claim, rather than as a response to Plaintiff's pending, timely-filed claim — was not substantially justified.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendant, the United States of America, for:

(A) A tax refund of $16,625.00 for the ERC at issue in this case, or such greater amount as is legally refundable, plus statutory interest;

(B) Reasonable litigation and administrative costs, including attorneys' fees, and accountants' fees as allowed by law; and

(C) All other further relief to which Plaintiff may be entitled.

## EXHIBITS

Exhibit A — Plaintiff's Form 941-X (2021 Q3), executed July 14, 2023

Exhibit B — IRS Letter 105C, dated October 18, 2024

Exhibit C — Plaintiff's formal protest letter, dated October 12, 2025

Exhibit D — IRS Letter 916C, dated April 29, 2026

(Page intentionally left blank.)

Dated: 18 October 2026

Respectfully submitted,

***/s/ Donald J. Feinberg, Esq.***

Donald J. Feinberg, Esq., LL.M.
Attorney for Plaintiff

Pa Bar No. 72791
The Feinberg Firm, PC
680 American Ave. – S 302
King of Prussia, PA 19406
Tel: 215-558-2567
Fax: 215-642-8017
EMail: Donald@TheFeinbergFirm.com